# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MISSOURI
# AT KANSAS CITY

JAMES C. DAY,

    Plaintiff,

Case No.:24-cv-190

v.

F. COULTER DeVRIES, B. JANEEN DeVRIES,
DANIEL JONES AND DeVRIES AND ASSOCIATES P.C.

    Defendants.

## Motion for Summary Judgment

Comes now plaintiff, James C. Day, asserting the following:

### DISTRICT COURT CASE NO. 21-CV-02146

1. Judge Vratil ruled that the "Rooker-Feldman Doctrine" applied to this case, and she dismissed this case.

2. Plaintiff appealed this ruling, Case No. 22-3107. The appellate court recognized that the lower court judgment was obtained through "Fraud on the Court" and dismissed the appeal "without prejudice" which allows plaintiff to file a new complaint. The court of appeals correctly knew that "Fraud on the Court" results in a court losing "subject matter jurisdiction." **(EXHIBIT 3)** Jurisdiction was lost in this case in the trial in 2005, therefore, the judgment for "Rooker-Feldman Doctrine" is and has been a "Void

1

Judgment" since the original trial in 2005 when the court lost "subject matter jurisdiction."

## FRAUD UPON THE COURT

3. Defendants stated that plaintiff did not tell them that the paper files were stolen from his office and the computer and back up were erased. Plaintiff told defendants the same day, after their first meeting, when he returned to the office and discovered that the paper files were stolen, and the computer and backup had been erased. If it were true that Day did not tell them, then why would defendants spend approximately six hours interviewing employees about stolen files and erased computer files, WHICH ALL EMPLOYEES CONFIRMED AND TESTIFIED TO IN COURT? Also, the day after defendants were retained and prior to their meeting with Judge McAnany, regarding the replevin motion, appellees wrote a letter to the appellant Day that stated, **"By the way, if you do find the original, or a photocopy of the signed promissory note I want to have it immediately." (EXHIBIT 1)**

4. After the debacle in federal court, in which defendants filed suit for a federal "anti-trust violation" which was laughed out of court **(EXHIBIT 1)**, defendants then recommended that plaintiff repossess the automobile, which

2

would make it difficult for Johnson to do business, even though defendants knew that the loan agreement had been stolen.

5. Defendants then asked Day to reconstruct the loan document from memory to take to Judge McAnany. Defendants were given two different loan documents, the first did not have a provision allowing Day to repossess the automobile.

6. Day remembered, after giving the appellee's the first reconstructed loan document, that he had failed to include the repossession provision. Plaintiff, James Day, composed a second loan document, which included the repossession provision, and took it to appellees. Defendants were given two different loan documents within two hours which clearly were composed from memory. This was prior to defendant's meeting with Judge McAnany to acquire a replevin order for the automobile, at the hearing they told the judge that the loan document was an exact copy of what Eric Johnson had signed, which they knew was a lie.

7. Defendants premeditatively lied to Judge McAnany at the replevin hearing, stating that the loan document was "an exact copy" of the one that Johnson had signed, which they knew was a lie. Plaintiff did not know that defendants intended to premeditatedly lie to the judge. Judge McAnany granted the motion for replevin.

8. When Johnson received a copy of the of the reconstructed loan document, he compared it to the original that he had stolen from Day's office, he and his lawyer then obtained an *exparte* order from the judge to enter Day's office to find the date of the reconstructed loan documents. They easily confirmed that they were reconstructions. Day made no effort to erase or conceal them, he did not realize that defendants had lied to the judge.

9. Plaintiff attended a meeting with defendants at their office, after the *exparte* raid on Day Advertising's office. Plaintiff was told by defendants that they would explain to the judge that there was a miscommunication, which they said, "happens all the time," if plaintiff would sign a statement which they had prepared. Defendants immediately withdrew after the statement was signed. The next time the plaintiff saw the statement it had been altered, it stated the opposite of the facts, that plaintiff did not tell them that the paper files and the computer and back-up had been erased **(EXHIBIT 2).** Appellees knew that plaintiff would not have signed the statement which stated that plaintiff never told them that the paper files had been stolen and that the computer and back-up had been erased.

10. **Appellees committed fraud upon the court by lying about the preceding facts not only to Judge McAnany but also in their depositions and in trial.**

4

## VIOLATION OF DUE PROCESS

11. Judge Midkiff, the judge that presided over the state trial in 2005 in Kansas City, Mo, repeatedly exhibited bias toward plaintiff; she has denied plaintiff's right to present damages to the jury; seven clients and their termination letters, allowed Eric Johnson's "self-serving" deposition to be read in court knowing that plaintiff would have no opportunity to expose his lies in cross examination. This is a violation of **Due Process**; plaintiff is entitled to confrontation and cross-examination of adverse witness and an **Unbiased Tribunal** pursuant to the 5th and 14th amendments to the Constitution of the United States; this denies "fundamental fairness."

12. Judge Midkiff violated Appellant Day's "due process" by denying him an **unbiased tribunal, the right of confrontation and cross-examination of adverse witnesses, and fundamental fairness.**

## LACK OF STATUTORY AUTHORITY

13. Judge Sandra C. Midkiff allowed Appellees to name expert witnesses after the deadline and allowed them to testify in court. Michael Kelsay, Appellant's expert witness for damages stated that Johnson had taken seven of Appellant's clients and Eric Johnson, in his deposition, stated that he had those seven clients, and they were all the clients he had when he started his

5

business. Judge Midkiff did not allow plaintiff to submit this information to the jury, therefore there were no damages.

14. Judge Midkiff allowed Johnson's self-serving deposition to be read to the jury. Johnson lives approximately 25 minutes away in Kansas, the case was in Missouri. Johnson refused to attend the trial or testify in court. This denied plaintiff his constitutional due process. Confrontation and Cross-Examination, "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970).

15. Judge Midkiff unsealed a previous lawsuit plaintiff had with Southwestern Bell Yellow Pages. This allowed the Appellees to repeatedly claim that Appellant had already been paid and was seeking duplicate damages. Judge Midkiff ordered Appellant to not tell the jury about the seven clients stolen in violation of the non-compete signed by Johnson. She also would not allow the seven termination letters to be presented to the jury. **This resulted in the plaintiff having no damages, which helped destroy his case.** The court exceeded its **statutory authority** and has violated **"fundamental fairness."**

16. Judge Midkiff allowed the defendant's lawyer, Dan Church, to continually call Appellant Day a liar to the jury over Appellant's objections. Members of

6

the jury, after the trial, stated that they sided with defendants because plaintiff Day had no credibility. Plaintiff, James Day, did not lie about anything.

## ROOKER-FELDMAN DOCTRINE

17. This doctrine bars Federal Courts from overturning State Court Judgments.

18. Judge Vratil ruled that the Rooker-Feldman Doctrine applied in this case, 21-cv-02146. Judge Vratil failed to realize that "fraud on the court" and "violation of due process" renders the court without "Subject Matter Jurisdiction" which pursuant to federal law results in a "VOID JUDGMENT." The court had no jurisdiction to rule that the "Rooker-Feldman Doctrine" applied to this case.

19. Plaintiff, James Day, filed an appeal in Case No. 22-3107 in 2022. The court of appeals dismissed "Fraud on the Court" without prejudice. They recognized that the court had lost subject matter jurisdiction and therefore the dismissal for the "Rooker-Feldman Doctrine" was a VOID JUDGMENT pursuant to federal law.

## RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE
## VOID JUDGMENT

20. Two of the reasons that subject matter jurisdiction is lost are: Violation of due process and Fraud on the court.

7

21. *Fraud on the Court Village of Willowbrook,* 37 Ill. App.2d 393, 185 N.E.2d 696 (1962). Appellees have committed fraud, which is documented. Defendants lied in their depositions and in court and altered the "Statement of James Day" after it was signed.

22. *Violation of Due Process- Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019 (1938); *Pure Oil Co. v. City of Northlake,* 10 Ill.2d 241, 245, 140 N.E.2d 289 (1956); *Hallberg v. Goldblatt Bros.,* 363 Ill. 25, 1 N.E.2d 220 (1936); *Rosentiel v. Rosenstiel,* 278 F.Supp. 794 (S.D.N.Y. 1967).

    Plaintiff was denied due process, an impartial judge.

23. Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. *Wahl v. Round Valley Bank,* 38 Ariz. 411, 300 P. 955 (1931), *Tube City Mining & Milling Co. v. Otterson,* 16 Ariz. 305, 146 P. 203 (1914); and *Milken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 LEd. 278 (1940).

24. *A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded, or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or at any place...It is not entitled to enforcement ...*

*All proceedings founded on the void judgment are themselves regarded as invalid.* ***30A Am Jur Judgments "44, 45.***

25. *"If a court grants relief, which under the circumstances it hasn't any authority to grant, its judgment is to that extent void."* **(1 Freeman on Judgments, 120c.)** *"A void judgment is no judgment at all and is without legal effect."* **(Jordan v. Gilligan, 500 F.2d 701, 710 (6th Cir. 1974)** *"a court must vacate any judgment entered in excess of its jurisdiction."* **(Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645 (1st Cir. 1972)**.

26. *An order that exceeds the jurisdiction of the court, is void, or voidable, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue. **(See Rose v. Himely (1808) 4 Cranch 241, 2 L ed 608; Pennoyer v. Neff (1877) 95 US 714, 24 L ed 585; Thompson v. Whitman (1973) 18 Wall 457, 21 I ED 897; Windsor v. McVeigh (1876) 93 US 274, 23 L ed 914; McDonald v. Mabee (1917) 243 US 90, 37 Sct 343, 61 L ed 608. U.S. v. Holtzman, 762 F.2d 720 (9th Cir. 1985)***

27. *Elliott v. Piersol*, 26 U.S. (1 Pet.) 328, 340 (1828), stated under Federal law, which is applicable to all states, that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in

9

opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as **trespassers**." (emphasis added).

28. Black's Law Dictionary, Sixth Edition, page 1574: defines Void Judgment as follows:

One which has no legal force or effect, the invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. One which, from its inception is and forever continues to be null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if a court that rendered judgment **lacked jurisdiction of the subject matter,** or of the **parties,** or acted in a manner inconsistent with **due process.**

29. *<u>When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory</u>, Orner v. Shalala, 30 F.3d 1307, (Colo. 1994). <u>Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside</u>, Jaffe and Asher v. Van Brunt, S.D.N.Y. 1994, 158 F.R.D. 278. <u>A "void"</u>*

*judgment as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here,by).*

30. **_No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicatta indicate, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been_**. *10/13/58 FRITTS v. KRUGH, SUPREME COURT OF MICHIGAN, 92 n.w.2D 604, 354 Mich. 97.*

## CONCLUSION

31. Plaintiff has presented documented evidence that defendants premeditatively lied to Judge McAnany, lied at trial in 2005 and altered the "Statement of James Day". In addition, defendants did not and could not deny any of plaintiff's allegations, they relied solely on the "Rooker-Feldman Doctrine" which has been proven to be invalid, therefore, this is a "Void Judgment". Defendants, for the first time have claimed "collateral estoppel", WHICH IS ERRONEOUS, in their response to the complaint.

11

Case 4:24-cv-00190-BCW    Document 8    Filed 05/24/24    Page 11 of 16

32. Plaintiff has shown that **no genuine issue of material fact exists**, therefore, plaintiff is entitled to judgment as a matter of law. Defendants have never attempted to challenge any of the documented facts, they have relied on "Rooker/Feldman" which does not apply in this case.

33. Plaintiff, pursuant to federal law, is entitled to a summary judgment, defendants cannot refute a single allegation.

34. The facts presented by the plaintiff cannot be genuinely disputed based on the record.

35. The rulings attached as exhibits to defendants' response are all erroneous. They are negated by "Void Judgment".

36. WHEREFORE, Plaintiff prays for judgment against defendants including compensatory damages and interest, to be determined, and for costs herein incurred and expended.

Respectfully,

*James C. Day*
James C. Day, pro se
5310 88th Street East
Bradenton, FL 34211
(913)208-0164
Jday4718@gmail.com

12

# deVries & Associates, P.C.     *Attorneys at Law*

F. Coulter deVries

Daniel R. Jones
B. Janeen deVries
John E. Harvell*
Mai Thi Tran**

3145 Broadway Street
Kansas City, Missouri 64111-2405
(816) 561-2555
FAX (816) 561-3939
*Admitted in
Missouri and Kansas
**Admitted in
Missouri, Kansas and Texas

September 18, 1998

Day Advertising, Inc.
**Attn: James Day**
8101 W. 63rd Street, Suite 200
Merriam, KS 66216

Re: Day Advertising, Inc. v. Eric Johnson

Dear Jim:

This letter is to confirm deVries & Associates, P.C.'s agreement to represent you in the above matter. After review of the file you brought in and our conference, I have begun preparation of a suit in US District Court to try to enjoin Eric Johnson from violating his noncompete. As we discussed, a state court's jurisdiction to enforce an injunction is limited to the state of Kansas. Johnson could be enjoined nationwide in federal court but the jurisdiction of the court depends upon either diverse citizenship or a federal law violation. There is no diversity between Johnson and Day Advertising, both are Kansas entities. Therefore a federal question is needed and I have based this suit I am researching and preparing on restrain of trade/competition under antitrust statutes. This is not a solid guaranteed way to get a federal court injunction but it is the only federal law remotely applicable to these facts that I have found.

I will also file a replevin suit in Johnson County District Court based upon the loan from Day Advertising to Eric Johnson to purchase the Lincoln. You should expect a bond to be posted in double the amount of the car's value, so be thinking about what the car is valued at. The bond is to protect the defendant against any damages if the repossession is later found to be inappropriate, and is required by law. By the way, if you do find the original, or a photocopy of the signed, promissory note I want to have it immediately.

Our bills will be sent to you on a monthly basis, itemizing the work done, the time spent, the person doing the work (by initials), and the date the work was done. I try be as descriptive as I can of the work done, to make my firm's statements for legal fees in cases such as yours



PLAINTIFF'S EXHIBIT 4

informative about events in your case; in addition I will send you copies of everything I receive and everything I send in connection with your case, to keep you informed. If you have a problem or question about a bill or about anything you receive from me, please call me and I will answer your questions. Our time will be itemized in increments, at $150.00 per hour for work done by myself and $125.00 per hour for Thi Tran as local counsel in Johnson County District Court. I use paralegals, billing their time to you at $50.00 per hour, when possible in order to keep your bills reasonable. Balances due on statements are payable upon receipt.

Please call at any time if you have any questions about a bill or about the work we're doing for you. Thanks for the opportunity to represent you in this case.

Very truly yours,

**deVRIES & ASSOCIATES, P.C.**

By:

Daniel R. Jones
Attorney at Law

DRJ/pbd

**2**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

JAMES DAY and DAY ADVERTISING, INC.,

    Plaintiffs,

v.

ERIC JOHNSON,

    Defendant.

Case No. 98C12357
Chapter 60
Court No. 14

**COPY**

### Statement of James C. Day

On 9/17/1998, I had my first conference at deVries & Associates, with Dan Jones. I gave Dan Jones a document detailing a car loan that Day Advertising and myself made to Eric Johnson, the defendant in Johnson County District Court case number 98C12357. I told him that it was an unsigned copy of the original and that the original had been stolen from Day Advertising files, by Eric Johnson in my belief. In fact it was not a photocopy or a computer-disk copy of an original document but instead was a document I had my secretary type on September 17, 1998 based on my memory of what the stolen original document contained. I did not in any way intend or attempt at any time to change the facts, terms or reality of this secured loan by retyping the document. I did not tell Dan Jones when it was really prepared nor did I tell him that it was not an exact copy out of my computer of a similar document that was signed by Eric Johnson. That document was attached to the pleadings in this matter as an Exhibit to the affidavit which I signed and the Petition which I verified.

On October 12, 1998 I conferred with Dan Jones and told him the above facts about the document for the first time.

_James C. Day_
James C. Day



# United States District Court

------------ DISTRICT OF KANSAS ------------

JAMES CONLON DAY,

Plaintiff,

v.

Case No. 21-CV-2146-KHV

F. COULTER DEVRIES, B. JANEEN
DEVRIES, DANIEL JONES AND
DEVRIES AND ASSOCIATES, P.C.,

Defendants.

## AMENDED JUDGMENT IN A CIVIL CASE

☐ Jury Verdict. This action came before the Court for a jury trial. The issues have been tried and the jury has rendered its verdict.

☒ Decision by the Court. This action came before the Court. The issues have been considered and a decision has been rendered.

**The Judgment (doc. 38) filed on April 14, 2022 is amended as follows:**

**IT IS ORDERED AND ADJUDGED** that pursuant to the Order (Doc. #49) filed July 21, 2023, the fraud on the court claim by plaintiff James Conlon Day against defendants F. Coulter DeVries, B. Janeen Devries, Daniel Jones and DeVries and Associates, P.C. is **DISMISSED WITHOUT PREJUDICE** and that plaintiff's breach of fiduciary duty claim against defendants F. Coulter DeVries, B. Janeen DeVries, Daniel Jones and DeVries and Associates, P.C. is **DISMISSED WITH PREJUDICE**.

SKYLER O'HARA
CLERK OF THE COURT

Dated: July 21, 2023

s/ Audra Harper
Deputy Clerk